UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THIERNO OURY BAH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:26-cv-00151-JMS-TAB |
| | ) |
| CLINTON COUNTY SHERIFF, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Thierno Oury Bah entered the United States in 2023. He is detained at the Clinton County Jail at the direction of U.S. Immigration and Customs Enforcement ("ICE") even though an immigration judge ordered—almost three months ago—that he be released on bond. For the following reasons, the government's refusal to honor the bond determination is contrary to law and must be set aside. The petition is granted, and Mr. Bah must be released.

**I. Background**

The parties do not dispute the material facts.

Mr. Bah is a citizen of Guinea. He entered the United States without inspection on October 27, 2023, near San Diego, Californian, and has resided in the United States ever since. Dkt. 7 at 5.

Mr. Bah was issued a Notice to Appear (Form I-862) and served with a Warrant (Form I-200) for his arrest on October 29, 2023, but was subsequently released on his own recognizance. Dkt. 7-1 at 1-10. There is no indication that Mr. Bah ever violated the terms of his release.

ICE Officers arrested Mr. Bah on May 21, 2025, when he appeared for immigration proceedings. *Id*. at 17. He has remained in ICE custody ever since and is currently detained at the Clinton County Jail.

On November 17, 2025, Immigration Judge Brendan Curran ordered that Mr. Bah be released from custody on a $3,000 bond. Dkt. 1 at 54. ICE issued a notice the same day that it intended to appeal the bond determination and exercise its authority under 8 C.F.R. § 1003.19(i)(2) to stay the bond order pending appeal. *Id.* at 59. On December 17, 2025, Immigration Judge Matthew Beese ruled that he lacked jurisdiction to enforce the bond order, compel release, or modify conditions of release to release Mr. Bah on his own recognizance. *Id.* at 67-68.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Bah asserts that his continued detention despite Judge Curran's bond order violates the Fifth Amendment's guarantee of due process. Mr. Bah also argues that ICE's application of the automatic stay must be set aside under the Administrative Procedure Act because the regulation itself exceeds lawful authority and because its application is capricious. 5 U.S.C. § 706(2).

The Court need not reach Mr. Bah's due process argument. The automatic stay provision exceeds the authority delegated by Congress. Accordingly, ICE's invocation of the automatic stay must be set aside, and Mr. Bah must be released pursuant to the bond order.

A.  **Detention Under 8 U.S.C. § 1225**

The respondents ask the Court to disregard the automatic stay question because Mr. Bah is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 7 at 7. That provision directs that aliens who are applicants for admission to the United States and who are "not clearly and beyond a doubt entitled to be admitted" must be detained for the duration of a removal proceeding. By contrast, 8 U.S.C. § 1226(a) grants the Attorney General discretion to arrest aliens and either detain them or release them on bond pending a decision on removal.

2

Whether or not Mr. Bah *should* be detained pursuant to § 1225, he is currently *being* detained within the purview of § 1226. Mr. Bah was arrested pursuant to a warrant by ICE in May 2025, an action contemplated by § 1226(a). He was taken before an Immigration Judge in November who exercised his discretion to order Mr. Bah released on bond—an order that can come only from § 1226(a). ICE may argue in its appeal to the BIA that Judge Curran's bond determination was incorrect or even that it exceeded his authority. ICE may not, however, detain Mr. Bah in defiance of his bond order because it believes his interpretation of the law is wrong.

Indeed, this finding is consistent with the respondents' own insistence that "the proper forum for seeking review of the Immigration Judge's decision" is "the BIA and then with the Seventh Circuit." Dkt. 7 at 13. Through § 1226(a), Congress designated the Attorney General to determine whether aliens are eligible for bond during removal proceedings. The Attorney General's designee, Judge Curran, found that Mr. Bah's detention was governed by § 1226(a) and ordered that he be released on bond. If ICE wishes to challenge that decision, it may do so through the BIA. It may not usurp the Attorney General's authority by determining unilaterally that § 1225 requires Mr. Bah's detention and holding him in defiance of the bond order.

**B.     Lawfulness of Automatic Stay Regulation**

ICE's formal basis for continuing to detain Mr. Bah is 8 C.F.R. § 1003.19(i)(2), which states: "In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination." If an immigration judge exercises his statutory authority to grant bond under 8 U.S.C. § 1226(a)(2), the regulation dictates that DHS may not only appeal that determination, but automatically stay the determination pending appeal.

Mr. Bah asks the Court to find that the automatic stay provision is *ultra vires*—that it calls for DHS to exercise greater authority than Congress granted it. "It is axiomatic that an administrative agency's power to promulgate legislative regulations is limited to the authority delegated by Congress." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). "[W]hen a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 413 (2024).

The automatic stay provision is problematic because Congress granted authority to make custody and bond determinations to the Attorney General, but the regulation purports to grant DHS unilateral authority to set aside (or at least delay) the effects of those determinations. Congress did not grant DHS authority to determine whether aliens should be released on bond. The statute grants that authority to the Attorney General, 8 U.S.C. § 1226(a)(2), who redelegated it to Immigration Judges. The Department of Justice—the Attorney General's agency—also created the automatic stay regulation, 8 C.F.R. 1003.19(i)(2), and in doing so purported to redelegate some of its authority to determine whether an alien should be released on bond to DHS. *See* 71 FR 57873; 66 FR 54909.

Of course, the "head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property." 5 U.S.C. § 301. And, "[i]n addition to the authority to delegate conferred by other law, the head of an agency may delegate" certain authorities "to subordinate officials." 5 U.S.C. § 302(b). But the automatic stay provision does not reflect the Attorney General's regulation of her employees or a delegation of her authority to subordinate officials. Rather, it reflects the Attorney

4

General's attempt to delegate authority granted to her by Congress to a *distinct* agency. The Court is not aware of any comparable statute or precedent authorizing the Attorney General or any other official to delegate authority conferred to it by Congress to a separate agency.

This Court has already determined in *BDVS v. Forestal*, No. 1:25-cv-01968-SEB-TAB, dkt. 15 (Oct. 8, 2025), and *Campos Leon v. Forestal*, No. 1:25-cv-01774-SEB-MJD, dkt. 14 (Sept. 22, 2025), that the automatic stay regulation is *ultra vires*. Respondents do not confront the question of whether the automatic stay provision is lawful or offer any reason to decide this case differently than cases that have already come before the Court.

Judge Barker noted in *Campos Leon*, dkt. 14 at *5, that the weight of the district court decisions holds that the regulation is contrary to law. Respondents, in contrast, have not directed the Court to any binding, or even persuasive, authority upholding the regulation.

As in *BDVS* and *Campos Leon*, the Court finds that the automatic stay regulation, 8 C.F.R. § 1003.19(i)(2), exceeds congressionally delegated authority. Mr. Bah's detention therefore must be set aside under 5 U.S.C. § 706(2)(C).

### III. Conclusion

Mr. Bah's petition for a writ of habeas corpus is **granted**. The respondents will have **48 hours** to notify the Court that he has been released from detention consistent with Judge Curran's bond order. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 2/6/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

All electronically registered counsel of record